IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


THE UNITED STATES OF AMERICA   )
ex rel. MICHAEL TOMLIN         )
                                  )    No. 3-02-1179
v.                            )
                                  )
ROYCO, INC. d/b/a ESRD Laboratory;  )
MARK GINSBURG; SCOTT         )
GINSBURG; NATIONAL           )
NEPHROLOGY ASSOCIATES, INC.;   )
and JEROME S. TANNENBAUM    )


O R D E R


      The motion of defendants National Nephrology Association ("NNA") and Jerome Tannenbaum to strike and refuse to accept the plaintiff's ex parte submissions and the joinder by defendant Mark Ginsburg (Docket Entry Nos. 82, 84 and 121-11 and 122-6) are GRANTED.

      On November 10, 2004, and November 22, 2004, the plaintiff, through counsel with Greenebaum Doll & McDonald PLLC, filed motions for leave to file briefs and affidavits under seal (Docket Entry Nos. 80 and 87). However, by order entered June 7, 2006 (Docket Entry No. 115), the Court "dismiss[ed] all pending motions WITHOUT PREJUDICE, with leave to re-file updated motions after the U.S. Supreme Court's decision."

      The motions to file under seal (Docket Entry Nos. 80 and 88) were not re-filed or renewed. On that basis alone, the defendants' motions should be granted.

      The merits of the plaintiff's requests deserves only brief additional attention. The plaintiff, through counsel, sought leave to make submissions on an ex parte basis, without the defendants' having the opportunity to review the filings. The plaintiff contended that such submissions were proper because information in those documents relate to a conflict that he had with his original counsel, Tom Nebel, and thus are protected from disclosure under the attorney client privilege. The plaintiff suggests that he is somehow ethically bound not to disclose the information. However, the

privilege is the client's (plaintiff's) privilege and he may waive the privilege should he want to do so.

The plaintiff suggests that it is proper to submit ex parte filings relating to his conflict with his former counsel because, under Rule 1.6(b) of the Model Rules of Professional Conduct, "when a conflict develops between an attorney and the client, the confidential information may be disclosed to the court to establish a defense."  Rule 1.6 of the Tennessee Rules of Professional Conduct uses similar language.  However, that rule addresses when a lawyer can reveal confidences.

As the defendants point out, the plaintiff cannot use the attorney client privilege as both a sword and a shield.  Although there are, on occasion, submissions made in camera and not shared with opposing counsel,[1] the plaintiff wanted the Court to consider the ex parte submissions without providing the defendants an opportunity to review or respond to them.  The Court cannot make decisions in that manner.

The Court has not considered the ex parte submissions in any respect.

As a housekeeping matter, it does not appear that the plaintiff intended that his response (Docket Entry No. 92) to the motion to strike be filed under seal, nor does it appear that the plaintiff intended that the redacted versions of Docket Entry Nos. 81 or 88 or the redacted version of the plaintiff's affidavit (Exhibit B) attached to Docket Entry No. 81 be filed under seal.[2]

Therefore, Clerk is directed to:

(1)	Unseal the plaintiff's response to motion to strike (Docket Entry No. 92).

(2)	Unseal and docket the redacted version of the plaintiff's response to the motion for sanctions and fees filed by defendant Ginsburg (Docket Entry No. 88).

---

[1] Examples of submissions made in camera are settlement conference statements and documents withheld based on attorney work product.  However, in those instances, all parties are aware of and acquiescence in that process.  Other filings can be made under seal when statutorily authorized, as with the early filings in this case before the United States determined that it would not intervene, or pursuant to a protective order (when unredacted copies are served on opposing counsel).

[2] It appears that the plaintiff served the defendants with copies of the redacted versions of these filings.

2

(3)     Unseal and docket the redacted version of the plaintiff's response to the motion for costs, fees, expenses and injunctive relief filed by defendants NNA and Tannenbaum (Docket Entry No. 81).

(4)     Unseal and docket the redacted version of the plaintiff's affidavit attached to Docket Entry No. 81.

The Clerk is also directed to STRIKE from the docket and return to counsel for Greenebaum Doll & McDonald PLLC the responses (Docket Entry Nos. 81 and 88), the amended responses (Docket Entry Nos. 98 and 99), and the notice of filing and attached affidavit (Docket Entry No. 100).

Any party desiring to appeal this order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of this order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

3